*Thomas Barton v. Cleveland, C. C. & St. L. Ry.

NEGLIGENCE OF SECTION HAND IN FAILING TO SEE APPROACHING TRAIN ON STRAIGHT TRACK PRECLUDES RECOVERY.

Failure of a section hand working beside a railroad track in full light of day, without obstruction of view for more than a mile, to see or hear a train approaching and being struck and injured by it, notwithstanding a movement on his part would have avoided the accident, precludes recovery of damages therefor; the fact that he was given no warning of the train's approach by either the engineer or section boss does not relieve him from his own negligence.

Error to Crawford common pleas court.

**Finley & Gallinger** and **C. F. Schaber,** for plaintiff in error:

Cited and commented upon the following authorities: *Dick* v. *Railway,* 38 Ohio St. 389; *Lake Shore & M. S. Ry.* v. *Murphy,* 50 Ohio St. 135 [33 N. E. Rep. 403]; *Snyder* v. *Railway,* 60 Ohio St. 487 [54 N. E.

*Affirmed, no op., *Barton* v. *Railway,* 74 O. S. 479.

Rep. 475]; *Erie Ry.* v. *McCormick,* 69 Ohio St. 45 [68 N. E. Rep. 571];
*Lake Shore & M. S. Ry.* v. *Lavalley,* 36 Ohio St. 221; *Cincinnati, H.
& D. Ry.* v. *Kassen,* 49 Ohio St. 230 [31 N. E. Rep. 282; 16 L. R. A.
674]; *New York, C. & St. L. Ry.* v. *Kistler,* 66 Ohio St. 326 [64 N. E.
Rep. 130]; *Railway* v. *Margrat,* 51 Ohio St. 130 [37 N. E. Rep. 11];
*Krause* v. *Morgan,* 53 Ohio St. 26 [40 N. E. Rep. 886]; *Kerwhacker* v.
*Railway,* 3 Ohio St. 172 [62 Am. Dec. 246]; Beach, Contr. Neg. 53;
*Cincinnati & Zanesville Ry.* v. *Smith,* 22 Ohio St. 227 [10 Am. Rep.
729]; *Toledo, etc., Ry.* v. *Beggs,* 85 Ill. 80.

**Daniel Babst, Jr.,** and **Cummings, McBride & Wolfe,** for defendant in error.

**NORRIS, J.**

This is an action in error. The suit below was for recovery for
damages for personal injury. The plaintiff below was a section hand
working for defendant on its railroad at Crestline. When injured he
was engaged in removing fish plates from rails which were lying out-
side the ties of defendant's tracks. While so engaged, he was struck
by one of defendant's trains moving along said track and by this sus-
tained the injury for which he seeks to recover. He was under the con-
trol of defendant's section boss, who stood near when the accident oc-
curred.

The negligent acts laid to defendant which are claimed to sustain
plaintiff's action and fix defendant's liability, are that the section
boss stood close and saw the approaching train, knew of plaintiff's
dangerous position and gave him no warning of his danger, though he
might have warned him in time to have saved him from injury; that
the accident was on a portion of plaintiff's road where the view from
the approaching train was unobstructed and plain for a long distance,
and with plaintiff in full view of the engineer in charge of said train for
nearly a mile, the engineer ran the train against plaintiff, and sounded
no whistle and rang no bell, and gave no warning signal to plaintiff,
which might have apprised him of the train's approach and of his dan-
ger, and did not make any effort to stop the train and save plaintiff from
injury; that the section boss and the engineer knew all this, and know-
ing plaintiff's danger and knowing that he did not see and did not hear
the approaching train failed to do the things they ought to have done
to save plaintiff from injury, and that their failure amounted to wan-
ton negligence, and by reason thereof defendant is liable as one guilty
of reckless disregard of plaintiff's rights which amounts to bad faith.

Barton v. Railway.

The answer denies and says that if plaintiff was injured, his injury was caused by his failure to care for his own safety and not by negligence of the defendant.

This reply is a denial. Upon the issues joined by the pleading and the evidence, the case came on for a trial to a jury in the common pleas court, and after the plaintiff had introduced his evidence and rested his case, the court upon motion on the behalf of the defendant arrested the further trial of the issues and directed the jury to return its verdict for the defendant, which was done accordingly. The plaintiff filed his motion for judgment notwithstanding the verdict, which was overruled. Plaintiff's motion for a new trial was interposed and overruled, and jury rendered a verdict for the defendant.

To reverse this judgment and proceeding of the trial court, plaintiff filed his petition in error here and assigned for causes of error:

1. Error in sustaining the motion to direct a verdict for defendant.

2. Error in directing the verdict, and in overruling plaintiff's motion for judgment notwithstanding the verdict, and in overruling plaintiff's motion for a new trial.

3. That the judgment is for the defendant when it should have been for the plaintiff.

We find no error in the proceeding of the trial court which warrants reversal. There is no evidence in the record tending to show that the defendant was negligent as alleged in the petition, or was negligent at all. This accident occurred about 11 o'clock in the forenoon. The plaintiff was removing fish plates from rails which had been moved from the track outside of the ties to a distance of about two and one-half feet from the track rail. He was far enough away from the track, and only placed his head in such position as that it might be struck by a passing train by assuming a stooping position; if he had stood straight he would not have been injured. He had been in the employ of the railroad company for several years; he says that while he was ordered to do the work by the section boss, he had no instruction except to "take the wrench and remove the plates." He had been warned to look for approaching trains. The view was unobstructed for nearly a mile; it was the middle of the day; others working with him heard the train approach, yet he says he did not hear and did not see and did not try to hear or see and did not think about the train. The engineer could see him, and no doubt did see him, and saw others working with him arise and assume a position of safety, though he rang no bell and sounded no whistle. The engineer had good right to believe that plaintiff would

Crawford County.

do the same, and so did the section boss—that plaintiff would straighten up and save contact with the train.

All these facts refute the hypothesis that defendant through its servants, the engineer and section boss, or either of them was guilty of such negligence as amounted to wantonness and bad faith toward the plaintiff.

Upon the other hand, the evidence does show that the plaintiff refused to exercise every effort, either physical or mental, to care for his own safety, when by the exercise of the least care whatever, he might have saved himself from injury.

We are of the opinion that the trial court was warranted in arresting the testimony and directing the verdict for the defendant and so do affirm the judgment.

**Day** and **Mooney, JJ.,** concur.